**2013 UT App 200**

# THE UTAH COURT OF APPEALS

STATE OF UTAH,
Plaintiff and Appellee,
*v.*
VICTOR MELENDREZ,
Defendant and Appellant.

Per Curiam Decision
No. 20120610-CA
Filed August 8, 2013

Second District, Ogden Department
The Honorable Mark R. DeCaria
No. 111901847

Samuel P. Newton, Attorney for Appellant
John E. Swallow and Ryan D. Tenney, Attorneys
for Appellee

Before JUDGES THORNE, VOROS, and CHRISTIANSEN.

PER CURIAM:

¶1     Victor Melendrez appeals the trial court's imposition of consecutive sentences in two felony cases. We affirm.

¶2     Melendrez was sentenced in June 2012 on convictions in two separate cases. In one case, he was convicted by a jury of aggravated burglary, theft, and possession of a firearm by a restricted person. In the other case, he pleaded guilty to two counts of theft by receiving. The trial court ordered that the sentences on the counts within the same cases to run concurrently but ordered the sentences for the two different cases to run consecutively to one another.

¶3     Melendrez argues that the trial court abused its discretion in imposing consecutive sentences because the trial court did not explicitly consider Melendrez's rehabilitative needs at sentencing. In determining whether to impose concurrent or consecutive sentences, "the court shall consider the gravity and circumstances of the offenses, the number of victims, and the history, character, and rehabilitative needs of the defendant." Utah Code Ann. § 76-3-401(2) (LexisNexis 2012). Melendrez asserts that the trial court's brief pronouncement that the sentences in the two cases would run consecutively indicates that the trial court did not consider all of the statutory factors. We disagree.

¶4     "[A]s a general rule, we presume that the district court made all the necessary considerations when making a sentencing decision." *State v. Moa*, 2012 UT 28, ¶ 35, 282 P.3d 985. "A sentencing judge is not required to articulate what information [he] considers in imposing a sentence." *Id.* ¶ 40. Accordingly, this court "will not assume that the trial court's silence, by itself, presupposes that the court did not consider the proper factors as required by law." *State v. Helms*, 2002 UT 12, ¶ 11, 40 P.3d 626.

¶5     Here, the trial court had the benefit of a presentence report (PSI) containing information regarding Melendrez's criminal and personal history, his supervision history, and his drug use and mental health history. The report also contained the factual summary of one of the cases and Melendrez's own statements regarding that criminal episode.[1] The PSI contained the recommendation for a prison term for that case. Although Melendrez asserts that the trial court failed to consider that he would benefit from treatment, the information in the PSI indicates that Melendrez minimizes his conduct and responsibility and has

---

1. The PSI was prepared in the case resulting in the conviction after a jury trial. After the PSI was prepared in that case, Melendrez pleaded guilty to charges in the other case and was sentenced in both cases on the same day.

a poor history under supervision, along with an extensive criminal history. Given the information in the PSI, it is reasonable to assume that the trial court considered all the statutory factors in sentencing Melendrez. Accordingly, Melendrez has not shown any abuse of discretion by the trial court.

¶6     Affirmed.

————